22-38
*Agudath Israel of America v. Hochul*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of March, two thousand twenty-three.

Present:
> DEBRA ANN LIVINGSTON,
> > *Chief Judge*,
> MICHAEL H. PARK,
> STEVEN J. MENASHI,
> > *Circuit Judges*.

_____

AGUDATH ISRAEL OF AMERICA, AGUDATH ISRAEL OF KEW GARDEN HILLS, AGUDATH ISRAEL OF MADISON, RABBI YISROEL REISMAN, STEVEN SAPHIRSTEIN,

      *Plaintiffs-Appellants*,

    v.                                  22-38

KATHY HOCHUL, GOVERNOR OF THE STATE OF NEW YORK, in her official capacity,

      *Defendant-Appellee*.[*]

_____

---

[*] The Clerk is respectfully directed to amend the caption accordingly.

1

| | |
|---|---|
| For Plaintiffs-Appellants: | W. ALEX SMITH (Misha Tseytlin, Avi Schick, *on the briefs*), Troutman Pepper Hamilton Sanders LLP, Chicago, IL & New York, NY. |
| For Defendant-Appellee: | DUSTIN J. BROCKNER, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Andrea Oser, Deputy Solicitor General, *on the brief*), *for* Letitia James, Attorney General for the State of New York, Albany, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Matsumoto, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** and the motion for attorney's fees for work incurred in this appeal is **DENIED**.

Plaintiffs-Appellants appeal from an order of the United States District Court for the Eastern District of New York (Matsumoto, *J.*) granting in part and denying in part Plaintiffs' motion for attorney's fees and costs pursuant to 42 U.S.C. § 1988(b). In a Section 1983 action in 2020, Plaintiffs secured injunctive relief against the Governor of the State of New York, who was enjoined from enforcing an executive order that placed pandemic-related capacity restrictions on houses of worship. *See Agudath Isr. of Am. v. Cuomo*, 983 F.3d 620 (2d Cir. 2020). The district court awarded fees in the total amount of $446,521.94 for work performed by Plaintiffs' counsel, including $368,839.44 for Troutman Pepper Hamilton Sanders LLP ("Troutman") and $77,682.50 for the Becket Fund for Religious Liberty. For the reasons set forth below, we affirm the district court's judgment.[1] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

---

[1] Because Plaintiffs-Appellants have not prevailed in this appeal, their motion for attorney's fees for work incurred in connection with this appeal is denied.

2

We review a district court's award of attorney's fees for abuse of discretion. *Lilly v. City of New York*, 934 F.3d 222, 227 (2d Cir. 2019). "A district court abuses its discretion if it (1) bases its decision on an error of law or uses the wrong legal standard; (2) bases its decision on a clearly erroneous factual finding; or (3) reaches a conclusion that, though not necessarily the product of a legal error or a clearly erroneous factual finding, cannot be located within the range of permissible decisions." *Id.* (quoting *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)). "Given the district court's inherent institutional advantages in this area, our review of a district court's fee award is highly deferential." *McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006) (per curiam); *see Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) (noting "the district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters"). We have explained that "we afford district courts broad discretion in awarding attorneys' fees because they are much closer to the details of each individual case and can better determine what is reasonable and appropriate in the fee calculus for the particular case." *Lilly*, 934 F.3d at 234. "We review questions of law regarding the legal standard for granting or denying attorney's fees *de novo*." *Id.* at 227.

The Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, provides that "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). Courts award attorney's fees according to the "presumptively reasonable fee" (or "lodestar") method, calculated as the product of the reasonable number of hours worked and a reasonable hourly rate. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany & Albany Cnty. Bd. of Elections*, 522 F.3d 182, 183–84 (2d Cir. 2008), *as amended* (Apr. 10, 2008). "[T]his Court has instructed

that determination of a reasonable hourly rate 'contemplates a case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel,' an inquiry that may 'include judicial notice of the rates awarded in prior cases and the court's own familiarity with the rates prevailing in the district.'" *Townsend v. Benjamin Enters., Inc.*, 679 F.3d 41, 59 (2d Cir. 2012) (quoting *Farbotko v. Clinton County*, 433 F.3d 204, 209 (2d Cir. 2005)).

In *Arbor Hill*, we emphasized that "[t]he reasonable hourly rate is the rate a paying client would be willing to pay . . . bear[ing] in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." 522 F.3d at 190. "In determining what rate a paying client would be willing to pay, the district court should consider, among others, the *Johnson* factors."[2] *Id.* The Supreme Court has affirmed that "the most critical factor is the degree of success obtained." *Hensley*, 461 U.S. at 436.

Here, the district court did not abuse its discretion by applying a ten percent reduction to Troutman's fees to account for some of the hours spent on the motion for a preliminary injunction pending appeal in this Court. Although the district court "declin[ed] to rule on whether Plaintiffs' flawed motion denied by the Second Circuit on procedural grounds [was] frivolous," Special App'x at SA-33, the court applied this reduction as part of its overall assessment of the

---

[2] In *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 92–93, 96 (1989), the Fifth Circuit identified the following factors as relevant to fee calculations:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Arbor Hill*, 522 F.3d at 186 n.3.

4

"reasonableness of counsel's claimed number of hours," *id.* at SA-26. Even though the motion was not found "frivolous" and may not directly have resulted in excessive fees, it was within the district court's discretion to deduct roughly half of the fees attributed to the motion based on an assessment of whether the time was reasonably expended. When reviewing a fee application, a district court should "examine[] the particular hours expended by counsel with a view to the value of the work product of the specific expenditures to the client's case," and if it "concludes that any expenditure of time was unreasonable, it should exclude these hours" from the fee calculation. *Luciano v. Olsten Corp.*, 109 F.3d 111, 116 (2d Cir. 1997) (citations omitted). We note, however, that often a district court may reduce unreasonable hours estimates through other tools besides an across-the-board fee reduction, such as including "all or part of the time in the lodestar but not subject[ing] it to a multiplier or at least not increas[ing] it in the same proportion as work that turned out to be productive." *Seigal v. Merrick*, 619 F.2d 160, 165 (2d Cir. 1980).

At the time the work was performed, a reasonable attorney may have determined that Plaintiffs had a good-faith argument for not moving first in the district court for an injunction pending appeal as is generally required under Rule 8(a)(1)(C) of the Federal Rules of Appellate Procedure. It may have been "impracticable" to move first in the district court given the emergency nature of the relief sought and that the district court had just denied a preliminary injunction motion which involved the application of an identical or lower standard. Fed. R. App. P. 8(a)(2)(A)(i). Indeed, Plaintiffs reasonably argued in their reply brief that not "re-asking the district court to issue what essentially would have been the same injunctive relief it had already declined, is consistent with Rule 8(a)'s 'impracticable' clause . . . and the ongoing, emergency nature of Plaintiffs' harms." Reply Br. at 11–12, *Agudath Isr. of Am. v. Cuomo*, No. 20-3572 (2d. Cir. 2020), ECF. No. 79. But Plaintiffs failed to raise this argument in their opening brief

5

before this Court in support of their emergency motion for an injunction pending appeal. Instead, Plaintiffs claimed that they "satisfied Rule 8(a)(1)'s requirement to 'move first in the district court for . . . an order . . . granting an injunction,' by first requesting this very preliminary injunction from that court." Jt. App'x at 130 n.19. This assertion was incorrect; Plaintiffs had not requested an injunction pending appeal from the district court. The district court therefore did not abuse its discretion in making the reduction because a client might reasonably demand a fee reduction for the oversight. *See Arbor Hill*, 522 F.3d at 190.

Further, the district court did not abuse its discretion in setting reasonable hourly rates for Plaintiffs' counsel and refusing to apply an additional fee enhancement for case-specific reasons. The Supreme Court has emphasized that "[t]he essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection," and so "trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Fox v. Vice*, 563 U.S. 826, 838 (2011). "It is only after this initial calculation of the presumptively reasonable fee is performed that a district court may, in extraordinary circumstances, adjust the presumptively reasonable fee when it 'does not adequately take into account a factor that may properly be considered in determining a reasonable fee.'" *Lilly*, 934 F.3d at 230 (quoting *Millea*, 658 F.3d at 167). *But see Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553 (2010) (reiterating that "the novelty and complexity of a case generally may not be used as a ground for enhancement because these factors presumably [are] fully reflected in the number of billable hours recorded by counsel" (cleaned up)).

Plaintiffs-Appellants do not dispute that the district court accurately referenced the highest prevailing market rates in complex civil-rights litigation awarded in the Eastern District ($600 for partners, $400 for associates, and $100 for paralegals). *See* Appellants' Br. at 31–33; Special

6

App'x at SA-12 (citing *Lawton v. Success Acad. of Fort Greene*, No. 15-cv-7058, 2021 WL 1394372, at *8 (E.D.N.Y. Jan. 3, 2021) (Report and Recommendation), *accepted in part and rejected in part*, No. 15-cv-7058, 2021 WL 911981 (E.D.N.Y. Mar. 10, 2021)). The district court agreed with Plaintiffs that "a relatively higher fee award is arguably warranted" based on the importance and complexity of the case, the degree of Plaintiffs' success, and the qualifications of their attorneys. Special App'x at SA-16. The court accordingly awarded the highest rates to some of Plaintiffs' counsel and rates at the upper end of prevailing market rates to others. In addition, it was appropriate for the district court to consider "the reputational benefits that might accrue from being associated with the case." *Arbor Hill*, 522 F.3d at 190; *see* Special App'x at SA-17 to -18. For those reasons, the district court did not abuse its discretion.

\* \* \*

We have considered Plaintiffs-Appellants' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court and **DENY** the motion for attorney's fees incurred in this appeal.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7